UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL N. NIKIFORAKIS,                                   MISC. NO. 08-46 (JNE/JSM)

                Plaintiff,

        v.                                                **REPORT AND RECOMMENDATION**

HENNEPIN COUNTY SHERIFF
RICHARD W. STANEK,

                Defendant.

        This matter is before the undersigned United States Magistrate Judge on Plaintiff's

pro se "Application To Proceed Without Prepayment of Fees," by which he seeks leave to

proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has

been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and

Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's

IFP application be denied, and that this case be summarily dismissed.

I.      **BACKGROUND**

        Plaintiff is attempting to sue Richard W. Stanek, the Sheriff for Hennepin County,

Minnesota.  He claims that Defendant Stanek "Wrongfully Made A Defamatory Statement

In Writing Causing Unjustified Tort Injury To My Reputation."

        Plaintiff has filed a motion requesting that his complaint against Defendant Stanek

be filed under seal.  He has explained that he wants the complaint filed under seal "for the

purposes of safe guarding my identety [sic] and badge because my social security number

is my 5 Point Star In Round American Legion National Badge Number."

Because Plaintiff's complaint was accompanied by a motion requesting that the complaint be filed under seal, the Clerk's Office opened a "Miscellaneous File." (This is the standard procedure followed by the Clerk's Office whenever a plaintiff requests that a new lawsuit be opened under seal.)  Plaintiff did not pay the $39.00 filing fee for a case opened as a Miscellaneous File, but instead filed the IFP application that is currently before the Court.

## II.    DISCUSSION

The Court must first consider whether Plaintiff's claims against Defendant Stanek can properly be brought in federal court – i.e., whether federal subject matter jurisdiction exists. "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, Plaintiff's proposed complaint shows no viable grounds for federal subject matter jurisdiction.  Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims against Defendant Stanek are based on the Constitution or any federal law.  To the contrary, Plaintiff's complaint explicitly states that is attempting to bring a state common law tort claim against Defendant Stanek for defamation.  The allegations in Plaintiff's proposed complaint clearly do not support any cause of action against Defendant Stanek based on

2

any <u>federal</u> statute, principle or doctrine.[1]  Therefore, subject matter jurisdiction cannot exist under 28 U.S.C. § 1331.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  In this case, it plainly appears, on the face of the proposed complaint, that both Plaintiff and Defendant are Minnesota residents, so diversity of citizenship obviously does not exist here.

In sum, Plaintiff's proposed complaint cannot be entertained in federal court, because subject matter jurisdiction does not exist under either the federal question statute or the diversity of citizenship statute.  Because Plaintiff has not pleaded a claim that can be brought in federal court, he should not be allowed to file his proposed complaint under seal (or otherwise).  The Court will therefore recommend that Plaintiff's motion to file his proposed complaint under seal be denied, and that his application to proceed IFP be denied as moot.  The Court will further recommend that the Clerk of Court be directed to retain Plaintiff's proposed complaint, under seal, as an exhibit in the present Miscellaneous File, and that the present Miscellaneous File be closed.

---

[1]  Plaintiff's complaint indicates he is "[s]eeking relief in the form of having my federally protected service name and number and trade mark emblem badge registered with U.S. Marshal Services so that this dose [sic] not continue to happen as law enforcement officials change."  However, this anomalous reference to federal law cannot establish subject matter jurisdiction, because there are no allegations suggesting that Defendant Stanek – a local government official – has any legal duties or responsibilities pertaining to the "federally protected service name and number and trade mark emblem badge" referred to in the complaint.

## III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to file his proposed complaint under seal be **DENIED**;

2. Plaintiff's application to proceed in forma pauperis be **DENIED AS MOOT**;

3. The Clerk of Court be directed to retain Plaintiff's proposed complaint, under seal, as an exhibit in the present Miscellaneous File; and

4. The present Miscellaneous File be closed.

Dated: September 15, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 3, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.